CARL V. MATRICARDI, Petitioner and Appellant, *v.* JUAN T. PEÑAGARÍCANO, ETC., Defendant and Appellee.

No. CE-65-28.       Decided February 3, 1967.

*Jorge Benítez Gautier* and *Aurelio Emanuelli Belaval* for petitioner. *Miguel Franquiz Ventura, Eduardo A. Ruiz,* and *José E. Rodríguez Rosaly* for defendant.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

1

MR. JUSTICE RIGAU delivered the opinion of the Court.

Emilio Rivera Guerrero, tenant, leased a commercial premise situated in Reparto Metropolitano in Río Piedras, property of appellant. The tenant had deposited $300 with the lessor as bond. On January 24, 1963 said tenant sold his business—furniture and equipment—to a certain García and without the lessor's authorization subleased the premises to García. The transaction was made for "about eight thousand dollars," as tenant Rivera Guerrero himself testified.

The lessor did not approve the sublease of the property made by Rivera Guerrero, but after a discussion of the matter Rivera Guerrero and the lessor agreed that the latter would retain the $300 bond as compensation paid by Rivera Guerrero provided that the lessor accepted the sublease made by Rivera in favor of García. Rivera Guerrero signed a receipt to the lessor for the aforementioned bond and the lessor retained said amount as payment on account of the aforesaid agreement between Rivera and himself.

Subsequent to this transaction Rivera requested the Economic Stabilization Administrator to order the lessor to refund the $300 to him. The Administrator did so and in due time the Superior Court, San Juan Part, affirmed the Administrator. We issued the writ.

The refund does not lie and yet we must reverse the judgment of the Superior Court. In the first place, the sublease of the property made by tenant Rivera in favor of García, without the lessor's authorization, was an illegal sublease, which gave the lessor the right to refuse the extension of the lease contract. The Reasonable Rents Act in force at the time of the transaction in question provided that the lessor may refuse the extension of the lease contract and, consequently, commence unlawful detainer proceedings for "the tenant having wholly or partly subleased or assigned

the use of the leased property, without the lessor's written authorization." 17 L.P.R.A. § 193(3).[1]

██ Because of the fact that the lessor had the right to refuse the sublease of the property and to evict the new tenant if necessary, the tenant-vendor Rivera agreed to pay the $300 to the lessor provided that he agreed to the sublease of the premises and not evict the new tenant García.

What actually happened was that tenant Rivera and his lessor entered into a new contract, in relation to the sublease separate and independent of the lease which had existed between them. Rivera knew he had acted against the law and that the lessor had the right to refuse said sublease of the premises which was made without his consent. In order to obtain the lessor's consent because said consent was convenient to him, Rivera agreed to pay the $300 to the lessor.

The Administrator and the Superior Court erred in believing that this was an overcharge of the lawful rental. This is simply a new contract, the consideration of which was the $300 for the lessor, and for Rivera the lessor's consent to the sublease of the property. Section 1226 of the Civil Code, 31 L.P.R.A. § 3431. The case of *Peñagaricano* v. *Superior Court; Nadal, Int.*, 81 P.R.R. 849 (1960) is not applicable. It dealt with an overcharge. The rental fixed by the Administrator was $57.70 monthly and they were charging $75. In the case at bar it was not an overcharge, but rather the situation we have described. The agreement between the lessor and tenant Rivera was beneficial to Rivera since through the payment of $300 he obtained the consent to which he was not entitled at law and his transaction of $8,000 with García did not fall through. Rivera himself testified at the hearing in the Economic Stabilization Administration, explaining the payment of the $300, that ". . . I

---

[1] Said section was amended on June 19, 1964 by Act No. 67 of said date. 17 L.P.R.A. § 193(2A). Supplement.

4

was not going to ruin my transaction ... it is not a penny transaction but of thousands of dollars. ..."

■ What is really amazing is that Rivera, after entering into the contract already described with the lessor to obtain his consent to the sublease of the premises, should go to the Economic Stabilization Administration seeking to recover the amount he had paid for the consent he wanted and which he obtained from the other contracting party. Neither the law nor the courts of justice exist to facilitate or permit the contracting parties to evade the performance of their obligations. *Fraus et jus nunquam cohabitant. United Hotels of P.R.* v. *Willig*, 89 P.R.R. 185 (1963); *Silva* v. *Industrial Commission*, 91 P.R.R. 865 (1965); *Shivell* v. *Barber Boscio*, 92 P.R.R. 387 (1965).

The judgment rendered will be reversed.